IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| AARON G. MCCLAIN, | |
| Plaintiff, | CIVIL ACTION NO.: 5:25-cv-37 |
| v. | |
| ROY ODUM, et al., | |
| Defendants. | |

**O R D E R**

Plaintiff filed a Motion to Amend the Complaint. Doc. 28. Defendants filed a Response, opposing Plaintiff's Motion. Doc. 31. Plaintiff also filed a Motion to Adjust Dates and Deadlines. Doc. 30. Defendants did not file a response to that Motion. For the following reasons, I **DENY** Plaintiff's Motions.

**I.    Plaintiff's Motion to Amend the Complaint**

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course" within 21 days of being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may only amend its pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should further "freely give leave when justice so requires." Id. Leave to amend may be denied, however, "where there is substantial ground for doing so." Coquina Invs. v. TD Bank, N.A., 760 F.3d 1300, 1320 (11th Cir. 2014) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)). A motion for leave to amend may properly be denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments

previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." In re Engle Cases, 767 F.3d 1082, 1108–09 (11th Cir. 2014).

Plaintiff has already amended once as a matter of course, so he must seek the Court's leave to amend the Complaint a second time. Fed. R. Civ. P. 15(a)(1). In the Motion, Plaintiff seeks to remove Defendant James Spann as a Defendant and add Ware State Prison as a Defendant. Doc. 28 at 2. Defendants respond that, as an entity of the state of Georgia, Ware State Prison cannot be sued under 42 U.S.C. § 1983. Doc. 31 at 1.

Defendants appear to make a futility argument. A court may deny leave to amend on futility grounds if "the amended complaint would not survive a motion to dismiss." Christman v. Walsh, 416 F. App'x 841, 844 (11th Cir. 2011) (citing Coventry First, LLC v. McCarty, 605 F.3d 865, 869 (11th Cir. 2010)). "A complaint must be dismissed if it fails to state a claim upon which relief could be granted." Id. (citing Fed. R. Civ. P. 12(b)(6)). "[T]he reviewing court must 'accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Id. (cleaned up) (quoting Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010)). To survive a motion to dismiss, the proposed complaint must "state a claim for relief that is plausible on its face." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Therefore, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 4556 U.S. 662, 678 (2009)). The proposed complaint "need not include detailed factual allegations, but it must set forth 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555)). Even

2

so, the Rule 15 standard remains a liberal one. "Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Thomas v. Davie, 847 F.2d 771, 773 (11th Cir. 1988) (citation and punctuation omitted); see Acosta v. Smart Ala., LLC, No. 1:22-CV-1209, 2023 WL 2447597, at *2 (N.D. Ga. Mar. 10, 2023) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper."); Taylor v. Fla. State Fair Auth., 875 F. Supp. 812, 815 (M.D. Fla. 1995) ("[L]eave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face.") (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)).

Here, the proposed amendment is clearly futile. To prevail on a civil rights action under § 1983, a plaintiff must show he was deprived of a federal constitutional right by a person acting under color of state law. Strange v. JPay Corp., No. 19-15154, 2020 WL 3547931, at *2 (11th Cir. June 9, 2020) (citing Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001)); see also Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Ware State Prison is not a "person" subject to suit under § 1983. See Parks v. Georgia, Civil Action No.: 5:17-cv-47, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (explaining that penal institutions are not themselves entities capable of being sued under § 1983). Therefore, Plaintiff cannot add a claim in this § 1983 suit against Ware State Prison.

Because Plaintiff's proposed amendment is clearly futile, I **DENY** Plaintiff's Motion to Amend. The Amended Complaint remains the operative pleading in this case.

## II.   Plaintiff's Motion to Adjust Deadlines

Plaintiff asks the Court to adjust deadlines. Doc. 30. Plaintiff cites Local Rules 7.4, 16.1, and 26.1. Plaintiff explains that he was not initially served with Defendants' Answers, but he now has been served. Id. at 1. A scheduling notice has yet been entered in this case. When a

scheduling notice is entered, the Court will enter appropriate deadlines for proper case administration.  I, therefore, **DENY** Plaintiff's Motion.

**SO ORDERED**, this 23rd day of October, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA